**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>MLCJR, LLC *et al.,*<br><br>                      Debtor | Chapter 11<br><br>Case No. 23-90324 (CML)<br><br>(Jointly Administered) |
| RYAN, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>COX OPERATING, LLC; MLCJR LLC; COX<br>OIL OFFSHORE, L.L.C.; ENERGY XXI GOM,<br>LLC; ENERGY XXI GULF COAST, LLC; EPL<br>OIL & GAS, LLC; and M21K, LLC<br><br>              Defendants. | <br><br><br><br><br><br>Adv. Proc. No. _____ |

**RYAN, LLC'S COMPLAINT FOR DECLARATORY JUDGMENT
FOR DETERMINATION OF RYAN, LLC'S PROPERTY RIGHTS
WITH RESPECT TO RECOVERY ASSIGNMENT PROCEEDS
AND TURNOVER OF PROPERTY FROM DEBTORS**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Ryan, LLC ("Ryan"), by and through its undersigned counsel, and files this *Complaint for Declaratory Judgment for Determination of Ryan, LLC's Property Rights with Respect to Recovery Assignment Proceeds and Turnover of Property from Debtors* (the "Complaint") against Cox Operating, L.L.C., MLCJR LLC, Cox Oil Offshore, L.L.C., Energy XXI GOM, LLC, Energy XXI Gulf Coast, LLC, EPL Oil & Gas, LLC, and M21K, LLC

(collectively, the "Debtors") seeking a determination that certain interests in federal oil and gas royalty, Louisiana state royalty, and Louisiana state severance tax liabilities are not property of the Debtors' bankruptcy estate and must be turned over to Ryan by any of the Debtors or non-Debtor third party, as applicable. In support of the Complaint, Ryan respectfully states as follows:

## I.   JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 157, 1334(b), and 2201. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), and (O).

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Ryan consents to the entry of final orders of judgment by the Bankruptcy Court if it is determined that, absent consent of the parties, the Bankruptcy Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II.  NATURE OF PROCEEDING

4.      Ryan brings this adversary proceeding to obtain declaratory judgment as to the respective ownership rights and interests between Ryan and Cox Operating, L.L.C. ("Cox") in certain federal royalty, state royalty, and severance tax refunds, credits, and/or reductions. This dispute arises from the Federal Royalty, State Royalty, and State Severance Royalty Services Agreement, dated March 23, 2021 between Ryan and Defendant Cox Operating, L.L.C. (the "Royalty Services Agreement"), wherein Ryan was engaged to perform all necessary services to identify, calculate, certify and recover all available credits, refunds and liability reductions on federal oil and gas royalties ("Federal Liabilities") and Louisiana state royalties and severance taxes (such royalty and severance taxes collectively, "State Liabilities" and, such refunds, credits and/or reductions relating to the Federal Liabilities and State Liabilities, the "Refunds, Credits,

and/or Reductions"). In consideration for these services, Cox contemporaneously with the execution of the Royalty Services Agreement, irrevocably assigned to Ryan the following interests for any Refunds, Credits, and/or Reductions for Cox and certain of its affiliates:



5.      Additionally, upon execution of the Royalty Services Agreement, Cox agreed to transfer, convey and assign to Ryan all rights, title, interest, and ownership in and to ███ of any Refunds, Credits, and/or Reductions Cox receives as a result of ███████████████

████████████████████████████████████████

Further, upon execution of the Royalty Services Agreement, Cox agreed to transfer, convey and assign to Ryan all rights, title, interest and ownership in and to ███ of any Refunds, Credits, and/or Reductions obtained ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████

6.　　　Lastly, Cox agreed to pay Ryan and assigned to Ryan, as compensation for its services, ██████████████████████████████████████████████████████████

████████████████████████. The assignments described in paragraphs 4-6 herein shall be collectively referred to as the "Recovery Assignments" and the proceeds thereof as the "Recovery Assignment Proceeds."

7.　　　Ryan asserts that the Royalty Services Agreement assigned legal and beneficial ownership of the Recovery Assignments, such that they are not property of the bankruptcy estate and must be turned over to Ryan now, or upon receipt or shortly thereafter.

### III. THE PARTIES

8.　　　Plaintiff is Ryan, LLC, a Delaware limited liability company that provides a variety of tax and advisory services, including filing and pursuing royalty and severance tax refund claims on behalf of its clients. Ryan may be served with pleadings in this adversary proceeding through its undersigned counsel.

9.　　　Defendant Cox Operating, L.L.C. is a debtor-in-possession in the jointly-administered bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure at:

Cox Operating LLC
c/o CT Corporation System, its Registered Agent
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

---

[1] ██████████████████████████████████████████████████████████

██████████████████████████████████████████████

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure,

Cox may be served via its attorneys of record as follows:

Matthew D. Cavenaugh
J. Scott Rose
Rebecca Blake Chaikin
Emily F. Meraia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010

-and-

Keith A. Simon
Misha E. Ross
Christopher Beaucage
Alexandra M. Zablocki
Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020

10.     Defendant MLCJR LLC is a debtor-in-possession in the jointly-administered

bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of

Bankruptcy Procedure at:

MLCJR LLC
c/o CT Corporation System, its Registered Agent
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure,

MLCJR LLC may be served via its attorneys of record as follows:

Matthew D. Cavenaugh
J. Scott Rose
Rebecca Blake Chaikin
Emily F. Meraia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010

-and-

Keith A. Simon
Misha E. Ross
Christopher Beaucage
Alexandra M. Zablocki
Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020

11.     Defendant Cox Oil Offshore, L.L.C. is a debtor-in-possession in the jointly-administered bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure at:

Cox Oil Offshore, L.L.C.
c/o CT Corporation System, its Registered Agent
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, Cox Oil Offshore, L.L.C. may be served via its attorneys of record as follows:

Matthew D. Cavenaugh
J. Scott Rose
Rebecca Blake Chaikin
Emily F. Meraia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010

-and-

Keith A. Simon
Misha E. Ross
Christopher Beaucage
Alexandra M. Zablocki
Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020

12.     Defendant Energy XXI GOM, LLC is a debtor-in-possession in the jointly-administered bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure at:

> Energy XXI GOM, LLC
> c/o CT Corporation System, its Registered Agent
> 3867 Plaza Tower Drive
> Baton Rouge, Louisiana 70816

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, Energy XXI GOM, LLC may be served via its attorneys of record as follows:

> Matthew D. Cavenaugh
> J. Scott Rose
> Rebecca Blake Chaikin
> Emily F. Meraia
> Jackson Walker LLP
> 1401 McKinney St., Suite 1900
> Houston, Texas 77010
>
> -and-
>
> Keith A. Simon
> Misha E. Ross
> Christopher Beaucage
> Alexandra M. Zablocki
> Latham & Watkins LLP
> 1271 Avenue of the Americas
> New York, New York 10020

13.     Defendant Energy XXI Gulf Coast, LLC is a debtor-in-possession in the jointly-administered bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure at:

> Energy XXI Gulf Coast, LLC
> c/o CT Corporation System, its Registered Agent
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201-3136

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure,

Energy XXI Gulf Coast, LLC may be served via its attorneys of record as follows:

Matthew D. Cavenaugh
J. Scott Rose
Rebecca Blake Chaikin
Emily F. Meraia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010

-and-

Keith A. Simon
Misha E. Ross
Christopher Beaucage
Alexandra M. Zablocki
Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020

14.     Defendant EPL Oil & Gas, LLC is a debtor-in-possession in the jointly-administered bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure at:

EPL Oil & Gas, LLC
c/o CT Corporation System, its Registered Agent
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure,

EPL Oil & Gas, LLC may be served via its attorneys of record as follows:

Matthew D. Cavenaugh
J. Scott Rose
Rebecca Blake Chaikin
Emily F. Meraia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010

-and-

Keith A. Simon
Misha E. Ross
Christopher Beaucage
Alexandra M. Zablocki
Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020

15.     Defendant M21K, LLC is a debtor-in-possession in the jointly-administered bankruptcy cases and may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure at:

M21K, LLC
c/o CT Corporation System, its Registered Agent
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

And, in the alternative, pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, M21K, LLC may be served via its attorneys of record as follows:

Matthew D. Cavenaugh
J. Scott Rose
Rebecca Blake Chaikin
Emily F. Meraia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010

-and-

Keith A. Simon
Misha E. Ross
Christopher Beaucage
Alexandra M. Zablocki
Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020

## IV. BACKGROUND

16.     As is customary in the Debtors' industry, the Debtors incur liabilities for Federal oil and gas royalties and Louisiana state royalties and Louisiana state severance taxes. As such, Cox engaged Ryan, a leading global tax services firm that provides a wide range of tax and consulting services, to assist Cox and certain of its affiliates with (i) a review of royalty payments, concentrating on the recovery of royalties paid on oil and gas produced from federal lands and (ii) a severance tax credit review concentrating on the State of Louisiana, in each case, to identify refund and/or reduction opportunities.

17.     On March 23, 2021, Ryan and Cox entered into the Royalty Services Agreement wherein Ryan was engaged to perform all necessary services to identify, calculate, certify and recover all available Refunds, Credits, and/or Reductions on the Federal Liabilities and State Liabilities, including, but not limited to:



18.     In consideration for these services, Cox, contemporaneously with the execution of the Royalty Services Agreement, irrevocably assigned to Ryan the Recovery Assignments.

19.     Ryan performed a significant amount of services for Cox and for those services is owed $2,876,958.31 on account of the Refunds, Credits and/or Reductions obtained as of the Petition Date (such recoveries, the "Present Recoveries," and the amount owing to Ryan, the "Present Recovery Assignment Proceeds"). In the Schedules [Dkt. 478] filed by Cox in this case, Ryan is listed as a creditor with an unsecured claim of $2,876,958.31 on account of the Present Recovery Assignment Proceeds. However, pursuant to the Recovery Services Agreement, Ryan continues to work postpetition to ensure that the Refunds, Credits and/or Reductions received prepetition will not be subject to rescission postpetition.

20.     Additionally, Ryan is in the process of pursuing Refunds, Credits and/or Reductions in the total amount of approximately ▮▮▮▮▮ (the "Future Recoveries"). The process of obtaining the Future Recoveries is ongoing, but if Ryan is successful, this process would yield approximately ▮▮▮▮▮ to the Debtors' estates and ▮▮▮▮▮ due and owing to Ryan in Recovery Assignment Proceeds.

21.     On May 14, 2023 (the "Petition Date"), Cox and certain of its affiliates filed voluntary petitions for chapter 11 protection in this Court. The cases are jointly administered under *In re MLCJR, LLC* (Case No. 23-90324). Cox continues to operate and manage as debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

22.     Ryan has been in discussions with the Debtors, the Official Committee of Unsecured Creditors and the DIP Lenders regarding the assumption of the Royalty Services Agreement or, in the alternative, entry into a new agreement. To date, the parties have not reached agreement on either option. Ryan remains amenable to continuing discussions with the parties.

However, in the event the parties cannot reach agreement, Ryan must pursue this litigation in order to protect its rights and interests as further described in this Complaint.

## V.    APPLICABLE LAW

**A.    Upon Execution of the Royalty Services Agreement, Cox Conveyed to Ryan a Valid Assignment of the Recovery Assignment Proceeds**

23.    Cox expressly granted to Ryan an absolute, irrevocable assignment of the Recovery Assignment Proceeds upon execution of the Royalty Services Agreement. Ryan holds present legal and beneficial title to these Refunds, Credits and/or Reductions, and has held this interest since the Royalty Services Agreement was entered into in March of 2021. Cox or any other Debtor or non-Debtor holding any Recovery Assignment Proceeds is required to turn over these funds upon receipt as they are neither property of the bankruptcy estate nor property of any other non-Debtor.

24.    An assignment is absolute when there is a "manifestation of the assignor's intention to transfer [a right] by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance." *In re Gibraltar Res. v. Dailey Directional Servs.*, 202 B.R. 586, 588 (N.D. Tex. 1996) (citing Restatement (Second) of Contracts § 317 (1981)). "When a debtor makes an absolute assignment to a creditor, of money that the debtor is entitled to receive from a third party, a transfer is perfected and complete when the assignment is executed rather than when the money is disbursed to the creditor." *Id.*; *see also Goldstein v. Madison Nat'l Bank & Tr. Co. (In re Adventist Living Ctrs.)*, 174 B.R. 505, 512 (Bankr. N.D. Ill. 1994) (holding that transfer occurs on the date that contractual right to payment is assigned, not on the date payment is actually made or collected; *In re Anchorage Nautical Tours, Inc.*, 102 B.R. 741, 744 (B.A.P. 9th Cir. 1989) (holding that upon assignment, assignor's rights were fully extinguished so that if assignor later received proceeds of assigned rights, assignor held them in constructive trust for assignee, and that assignee's rights

would be superior even to subsequent judicial lienor); *In re Armando Gerstel, Inc.*, 65 Bankr. 602, 605 (S.D. Fla. 1986) (holding that when assignments took place outside the preference period, proceeds that debtor received during the preference period never became the property of debtor's estate, but were held in trust for assignees).

26.     The bankruptcy court in the *Gibraltar Resources* case later expanded on the distinction between intending to pay out of a particular fund and intending a present transfer of an interest in that fund. *Ebert v. Black Max Downhole Tools (In re Gibraltar Resources)*, 211 B.R. 216, 220-21 (Bankr. N.D. Tex. 1997) ("Intending to pay out of a particular fund without a manifestation to make a present transfer merely grants a contractual right; whereas, intending a present transfer of an interest in a fund grants a property right."). The distinction between a present assignment and a contractual promise for future payment is grounded in the specific conveyance language. *Id.* at 220-22. The case cited by the court for this proposition, *Wolters Village Management Co. v. Merchants and Planters Nat'l Bank of Sherman*, 223 F.2d 793, 798 (5th Cir. 1955), held that language of a present assignment such as "we have assigned" or "we hereby assign" was necessary to effectuate a present assignment. *Id.*; *see also Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 WL 929691 (E.D. Tex. 2018) ("In order to constitute a present assignment of all rights to future inventions, however, the contract must expressly provide for the assigning act to be effective at the time of the agreement, by using language such as 'agrees to and does hereby grant and assign' or 'I will assign and do hereby assign.'"); *Carroll v. Hunt*, 168 S.W.2d 238, 241 (Tex. 1943) ("Words of present assignment or transfer, are, for example, 'hereby assign' or 'hereby transfer.'").

26.     In this case, the Royalty Services Agreement contains express language of present assignment, *i.e.*, both "hereby assigns" and "hereby transfers, conveys, and assigns," with respect

to the Recovery Assignments, and therefore evinces Cox's intent to irrevocably transfer its right to the Recovery Assignment Proceeds.

27.     Additionally, the assignment of a partial interest in a fund does not defeat the assignment. *See In re Everett*, No. 15-20328, 2018 Bankr. LEXIS 3759, *7-9 (Bankr. S.D. Tex. Nov. 29, 2018) (Isgur, J.) ("[o]n its face", the assignment of 67% to debtor and 33% to unclaimed funds locator was evidence of the debtor's intent to transfer his rights to the unclaimed funds to the funds locator, and the division of funds between the funds locator and the debtor did not prevent the creation of a valid assignment); *see also* Restatement 2d of Contracts, § 326(1) ("[A]n assignment of a part of a right, whether the part is specified as a fraction, as an amount, or otherwise, is operative as to that part to the same extent and in the same manner as if the part had been a separate right.").[2]

28.     Like the assignment in *Everett*, the Recovery Assignment is an assignment of a partial interest in the Refunds, Credits, and/or Reductions, which on its face, is evidence of Cox's intent to transfer its rights to a portion of the Refunds, Credits, and/or Reductions to Ryan. Further, consideration is present here. The Royalty Services Agreement contemplates significant duties and obligations that were to be undertaken by Ryan, including, but not limited to: (a) assist Cox with a review concentrating on the recovery of Federal Liabilities and State Liabilities; (b) perform all necessary services to identify, calculate, certify, and recover all available Refunds, Credits, and/or Reductions; ████████████████████████████████████████████

████████████████████████████████████████████

---

[2] Notwithstanding the *Everett* debtor's intent to assign and split his unclaimed funds with the funds locator, however, the court determined that the assignment failed for lack of consideration, as the consideration described in the agreement was an illusory promise that did not require any performance by the funds locator. *Id.* at *8-*9 ("However, nowhere in the agreement does [the funds locator] bind itself to attempt to recover the unclaimed funds. Rather the Assignment continuously refers to 'obligations' that are nowhere to be found or defined").

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████    *See Kirby-Carpenter Co. v. Burnett*, 144 F. 635, 636 (5th Cir. 1906)

(consideration may consist of either "some right, interest, profit, or benefit accruing to the party,

or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the

other."). Accordingly, Cox's assignment of the Recovery Assignment to Ryan not only evinced an

intent to assign, but did so in exchange for Ryan's agreement to undertake significant efforts (as

described above) as consideration for the Recovery Assignment.

**B.     Recovery Assignment Proceeds Received by Cox are Funds Held in Trust and
         Payable to Ryan, and Thus are Not Property of the Bankruptcy Estate, and Must be
         Turned Over to Ryan.**

29.     The Royalty Services Agreement imposes an obligation on Cox, as the recipient of

the Recovery Assignment Proceeds, to remit those funds to Ryan. Thus, these funds are impressed

with an express trust in favor of Ryan, and the beneficial right to receive these funds is excluded

from Cox's bankruptcy estate. 11 U.S.C. § 541(d).

30.     An express trust establishes "a fiduciary relationship with respect to property which

arises as a manifestation by the settlor of an intention to create the relationship and which subjects

the person holding title to the property to equitable duties to deal with the property for the benefit

of another person." Tex. Prop. Code § 111.004(4) (Vernon 2007). "Technical words of expression

. . . are not essential for the creation of a trust." *Perfect Union Lodge No. 10, A.F. & A.M., of San

Antonio v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex. 1988); *see Barrientos

v. Nava*, 94 S.W.3d 270, 280 (Tex. App.—Houston [14[th] Dist.] 2002, no pet.) ("No particular form

of words is required to create a trust."). However, "[i]n order to show an express trust, the

controlling tests are that (1) the words of the settlor ought to be construed as imperative and thus

imposing an obligation on the trustee, (2) the subject to which the obligation relates must be certain, and (3) the person intended to be the beneficiary must be certain." *Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex. Civ. App.—Houston [1ˢᵗ Dist.] 1978, writ ref'd n.r.e.); *accord Roberts v. Squyres*, 4 S.W.3d 485, 489 (Tex. App.—Beaumont 1999, pet. denied). In other words, "[t]o create a trust by a written instrument, the beneficiary, the *res*, and the trust purpose must be identified." *Perfect Union Lodge*, 748 S.W.2d at 220.

31.     The Royalty Services Agreement meets all of these essential elements, as it identifies Ryan as the beneficiary of the Recovery Assignment Proceeds for the purpose of compensating Ryan for its service to Cox. ███████████████████████

████████████████████████████████████████████

█████████████████████████████████████

32.     Alternatively, if the Royalty Services Agreement does not satisfy the requirements of an express trust for the disposition of the Recovery Assignments Proceeds, the Recovery Assignment Proceeds received by Cox are nevertheless impressed with a resulting trust in favor of Ryan, which, like an express trust, conveys to Ryan the sole and exclusive beneficial right to receive the funds, which are therefore not property of Cox's bankruptcy estate. 11 U.S.C. § 541(d).

33.     A resulting trust is an equitable remedy that is implied by operation of law and that a trial court may impose to prevent unjust enrichment. *See, e.g., Hubbard v. Shankle*, 138 S.W.3d 474, 486 (Tex. App.—Fort Worth 2004, pet. denied). "When an express trust fails, the law implies a resulting trust with the beneficial title vested in the trustor or, in the case of the trustor's death, in her estate and devisees." *Brelsford*, 564 S.W.2d at 406; *see Nolana Dev. Ass'n v. Corsi*, 682 S.W.2d 246, 250 (Tex. 1984) ("A resulting trust is implied in law . . . when an express trust fails."). "The doctrine of resulting trust is invoked to prevent unjust enrichment, and equitable title will

rest with the party furnishing the . . . trust property when an express trust fails." *Corsi*, 682 S.W.2d at 250.

34.     Ryan's considerable efforts taken to date have resulted in a substantial recovery to Cox's bankruptcy estate for their retained portion of the Refunds, Credits and/or Reductions. Cox has received approximately ███████ prior to the Petition Date that was the direct result of Ryan's efforts and was the genesis for Cox owing Ryan the Present Recovery Assignment Proceeds. These amounts remain subject to ongoing review and audit by the ONRR and Ryan continues to perform under the Royalty Services Agreement to ensure that Cox remains in possession of the Present Recoveries. Specifically, Ryan is in the process of providing audit schedules to ONSR. Were Ryan to cease this work stream, not only would the Ryan's amount due and owing be in jeopardy, but Cox's portion—approximately ███████—would also be subject to rescission by ONRR on account of an undefended audit process.[3] Thus, with respect to the Recovery Assignment Proceeds assigned to Ryan that are in Cox's possession, Cox holds bare legal title in trust for the sole and exclusive benefit of Ryan. *See, e.g., Cage v. Kang (In re Hojoon Kang)*, 2013 Bankr. LEXIS 844, *1-4 (Bankr. S.D. Tex. Mar. 6, 2013) (Isgur, J.) (awarding declaratory judgment to the debtors' parents on the basis of a resulting trust where, by oral agreement, debtors would take out mortgage, but parents would make down payment and mortgage payments).

35.     Ryan was contractually bound to perform refund recovery services pursuant to the Royalty Services Agreement, which contemporaneously assigned the Recovery Assignment Proceeds to Ryan, as well as a resulting trust conveying 100% of the beneficial interest in the

---

[3] Further, as discussed above, Ryan's efforts to obtain the Future Recoveries are ongoing. Success in obtaining the Future Recoveries would yield a recovery to the Debtors' estates of approximately ███████ and ███████ due and owing to Ryan.

Recovery Assignment Proceeds. Therefore, the funds representing Ryan's allocated portion of the Refunds, Credits, and/or Reductions, though to be initially received by Cox, are held in trust for Ryan and must be turned over. *See Dahlberg v. ConocoPhillips Co. (In re Reichmann Petroleum Corp.)*, 434 B.R. 790, 797 (Bankr. S.D. Tex. 2010) (citing *In re Southmark*, 49 F.3d 1111, 1117 (5th Cir. 1995) ("Under Texas law and controlling bankruptcy authority, property held in constructive trust by the debtor is not property of the debtor's estate and may not be disposed of by the debtor."); *see also Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 435-36 (5th Cir. 1985) (holding that because Section 541(d) excludes property subject to a constructive trust from the bankruptcy estate, Section 541(d) prevails against the trustee's strong-arm powers).

### VI.   COUNT I: DECLARATORY JUDGMENT REGARDING ASSIGNMENT OF RECOVERY ASSIGNMENT PROCEEDS THAT ARE NOT PROPERTY OF BANKRUPTCY ESTATE, AND TURNOVER THEREOF

**Declaratory Judgment that the Royalty Services Agreement, Contemporaneously with its Execution, Effectuated a Valid and Enforceable Assignment to Ryan of an Ownership Interest in the Recovery Assignment Proceeds**

36.     Ryan repeats and realleges the allegations set forth in all preceding paragraphs of this Complaint, as if fully set forth herein.

37.     The Royalty Services Agreement, entered into by Ryan and Cox as of March 23, 2021, governs the business relationship between Ryan and Cox and the rights and interests between these parties as to the Refunds, Credits and/or Reductions. The Royalty Services Agreement assigned to Ryan, using language of present conveyance "hereby assigns" and "hereby transfers, conveys, and assigns" the Recovery Assignment Proceeds.

38.     An actual controversy and dispute exists between Ryan and Cox as to their interests in the Refunds, Credits and/or Reductions. A present adjudication of this controversy is necessary to guide the parties' future conduct in this proceeding. This Court has the authority, pursuant to 28 U.S.C. § 2201 and Rules 7001(1), (2), and (9) of the Federal Rules of Bankruptcy Procedure, to

adjudicate this controversy.

39.     Section 2201 of the Judicial Code provides, in pertinent part, the following:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

40.     Bankruptcy Rules 7001(1), (2) and (9) require that a proceeding to recover property, to determine the extent of a lien or other interest in property, and to obtain a declaratory judgment on such determination is required to be in the form of an adversary proceeding.

41.     Ryan seeks a declaratory judgment that, pursuant to the Royalty Services Agreement, legal and beneficial title to the Recovery Assignment Proceeds was irrevocably conveyed to Ryan as of March 23, 2021 by present assignment on that date.

**Declaratory Judgment that the Recovery Assignment Proceeds are not Property of the Bankruptcy Estate and are Trust Funds that Must be Paid Over to Ryan**

42.     Ryan repeats and realleges the allegations set forth in all preceding paragraphs of this Complaint, as if fully set forth herein.

43.     Pursuant to 11 U.S.C. § 541(1), property of Cox's bankruptcy estate includes all its legal and equitable interests in property as of the commencement of the case. Pursuant to 11 U.S.C. § 541(d), property in which Cox has only legal title but no equitable interest is not property of the estate to the extent of the equitable interest owned by another.

44.     The Royalty Services Agreement, entered into by Ryan and Cox as of March 23, 2021, governs the business relationship between Ryan and Cox and the rights and interests between these parties as to the Recovery Assignment Proceeds. The Royalty Services Agreement compels Cox to receive and pay over to Ryan the Recovery Assignment Proceeds. As such, the Royalty

Services Agreement created an express or resulting trust for the benefit of Ryan, and such beneficial interest in these funds is not property of Cox's bankruptcy estate, pursuant to 11 U.S.C. § 541(d).

45.     An actual controversy and dispute exists between Ryan and Cox as to their interests in the Refunds, Credits, and/or Reductions. A present adjudication of this controversy is necessary to guide the parties' future conduct in this proceeding. This Court has the authority, pursuant to 28 U.S.C. § 2201 and Rules 7001(1), (2), and (9) of the Federal Rules of Bankruptcy Procedure, to adjudicate this controversy.

46.     Section 2201 of the Judicial Code provides, in pertinent part, the following:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

47.     Bankruptcy Rules 7001(1), (2) and (9) require that a proceeding to recover property, to determine the extent of a lien or other interest in property, and to obtain a declaratory judgment on such determination is required to be in the form of an adversary proceeding.

48.     Ryan seeks a declaratory judgment that, pursuant to the Royalty Services Agreement, the Recovery Assignment Proceeds irrevocably assigned to Ryan are not property of the bankruptcy estate, and Ryan owns 100% of the beneficial interest in the Recovery Assignment Proceeds, which are held by Cox in trust and must be turned over to Ryan.

## VII.     RESERVATION OF RIGHTS

49.     Ryan reserves the right to assert any alternative cause of action and to pursue and recover on any additional claims, including, but not limited to:

a. Ryan reserves the right to object to the sale of any assets that are determined to be Ryan's property and not property of the estate, including but not limited to the sales proposed pursuant to the *Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving the Manner and Notice Thereof, and (D) Granting Related Relief* and the *Notice of Auction Results and Identity of Successful Bidders and Backup Bidders for Certain Assets of the Debtors*;

b. Ryan further reserves the right to argue that the Recovery Assignment Proceeds are Ryan's property by operation of a constructive trust under applicable nonbankruptcy law and accordingly not property of the Debtors' estates; and

c. In the event it is determined that the Recovery Assignment Proceeds are property of the Debtors' estates:

    i. Ryan reserves the right to argue that it holds multiple valid, properly perfected security interests in the Recovery Assignment Proceeds with priority over all other liens and security interests;

    ii. Ryan reserves the right to argue that it has equitable liens over the Recovery Assignment Proceeds under applicable nonbankruptcy law;

    iii. Ryan reserves the right to file one or more requests for administrative expenses relating to the Recovery Assignment Proceeds in exchange for work completed by Ryan pursuant to the Royalty Services Agreement after the Petition Date; and

    iv. Ryan reserves the right to assert that the Recovery Assignment Proceeds constitute "adjustments on account of audits related" to the mineral obligations authorized for payment under the *order (A) Authorizing Payment of Mineral Obligations and (B) Granting Related Relief.*

## PRAYER

WHEREFORE, Ryan respectfully requests that the Court: (a) grant this Complaint for Declaratory Judgment; (b) enter a declaratory judgment that (i) the Recovery Assignment Proceeds are Ryan's property and are not property of Cox's bankruptcy estate, and (ii) the Recovery Assignment Proceeds should accordingly be turned over to Ryan immediately in the case of Present Recovery Proceeds and upon receipt in the case of all other Recovery Assignment Proceeds; and (c) grant such other and further relief, at law and in equity, as this Court may deem

just and proper.

Respectfully submitted,

Date: August 28, 2023

**BRACEWELL LLP**

By: */s/ Jonathan L. Lozano*
Jonathan L. Lozano (TX Bar 24121570)
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (800) 404-3970
Email: jonathan.lozano@bracewell.com

-and-

Mark E. Dendinger (*pro hac vice* pending)
31 W. 52nd Street, Suite 1900
New York, New York 10019
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Email: mark.dendinger@bracewell.com

*Counsel for Ryan, LLC*